UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SPEEDWAY LOANS, INC. | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-575-SDJ |
| | § | |
| MOATAZ IBRAHIM HASSAN, ET AL. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Speedway Loans, Inc.'s Second Motion for Default Judgment, (Dkt. #34), First-Amended Second Motion for Default Judgment, (Dkt. #36), and Supplement to First-Amended Second Motion for Default Judgment as to Attorney's Fees and Costs, (Dkt. #38). Defendants Moataz Ibrahim Hassan, Tyler Grant Horn, Timothy Ray Horn, Jacob Andrew Hernandez, and Manal El-Ghorab have failed to respond, and the deadline for doing so has passed. Having considered the motions, the record, and the applicable law, the Court concludes that the amended second motion for default judgment and the supplemental motion should be **GRANTED in part and DENIED in part.** The Court further concludes that the second motion for default judgment should be **DENIED as moot**.

### I. BACKGROUND

The factual background of this case is set forth in the Court's prior memorandum opinion and order. *See Speedway Loans, Inc. v. Hassan*, No. 4:21-CV-575, 2022 WL 3567180 (E.D. Tex. Aug. 18, 2022). In that order, the Court (1) granted Speedway's motion for default judgment against Tyler Horn and Hernandez as to their liability for breach of contract and fraud; and (2) granted default judgment

1

against Hassan as to his liability for conversion and tortious interference with existing contracts. *Id.* at *8. The Court denied Speedway's motion for default judgment on its civil RICO and account stated claims and on its claims against Timothy Horn. *Id.*

Because the Court could not determine how Speedway calculated the damages it requested in its motion for default judgment, the Court ordered Speedway to file a supplemental motion on damages, prejudgment interest, costs, and attorney's fees and scheduled an evidentiary hearing on damages. Speedway submitted additional information relating to its requested damages, and the Court held an evidentiary hearing.

## II. DISCUSSION

### A. One-Satisfaction Rule

"A party is not entitled to double recovery[.]" *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) (per curiam). Thus, when a party prevails on multiple causes of action but only suffered one injury, "federal courts apply Texas's one satisfaction rule, which requires the prevailing party to elect between the alternative claims for purposes of recovery." *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016). In that circumstance, "the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief." *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988).

Here, the Court ruled in Speedway's favor on four claims against three Defendants, but Speedway suffered only three injuries—the respective losses of the loan payment amounts owed by Tyler Horn, Hernandez, and Amanda Burdine, a non-

2

party to this lawsuit. As such, the Court must consider how the one-satisfaction rule impacts Speedway's recovery in this case.

### i. Claims against Tyler Horn and Hernandez

On its breach of contract claims against Tyler Horn and Hernandez, Speedway requests actual damages of $74,120.65 and attorney's fees of $16,272.50. On its fraud claims against Tyler Horn and Hernandez, Speedway requests actual damages of $74,120.65 and exemplary damages of $148,241.30. Speedway also seeks attorney's fees for its fraud claim. But "[attorney's] fees are not allowed for torts like fraud," even if the fraud claim arose from a breach of contract. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 667 (Tex. 2009); *see also Pollitt v. Comput. Comforts, Inc.*, No. 01-17-067-CV, 2018 WL 4780800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2018, no pet.) ("[A] party who has suffered a single injury cannot recover exemplary damages under a fraud theory and also recover attorney's fees for breach of contract.").

Speedway concedes that the one-satisfaction rule is implicated and asks to recover on its fraud claim if the Court awards exemplary damages. *See* (Dkt. #36 ¶ 77). For the reasons stated below, the Court finds that Speedway is entitled to exemplary damages. Therefore, the Court will enter judgment for Speedway on its fraud claim and not its breach of contract claim.

### ii. Claims against Hassan

Speedway seeks to recover $128,910 in actual damages in connection with its conversion claim against Hassan. Speedway calculated this amount by adding together the market value of the vehicles pledged as collateral by Tyler Horn,

Hernandez, and Burdine. Although the measure of damages for conversion generally is the fair market value of the property at the time and place of the conversion, "damages are limited to the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as a natural and proximate result of the defendant's conversion." *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 148 (Tex. 1997) (per curiam). Pursuant to the loan agreements, if a borrower defaults, Speedway can repossess the vehicles, sell them, and use the proceeds to pay down the loan. *See, e.g.*, (Dkt. #35-1 at 11). After any expenses associated with recovering and selling the vehicles are offset, Speedway "remits the surplusage back to the borrower." (Dkt. #36 ¶ 18). As a result, Speedway's actual loss does not exceed the amount of the loan.[1]

Additionally, Speedway is already being compensated for Tyler Horn's and Hernandez's loans through its fraud claim, so the one-satisfaction rule is implicated. Speedway suggests that it can separately recover these damages because the claim is asserted against Hassan rather than Tyler Horn and Hernandez. But the rule applies "when defendants commit technically differing acts which result in a single injury." *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 107 (Tex. 2018). "Here, although [Speedway] asserted various causes of action against the [three] defendants, all of [Speedway's] allegations were based on the same injury—nonpayment of the [loan payment amounts]." *Id.* at 110.

---

[1] Speedway may also be entitled to recover the amounts expended in connection with attempting to recover the vehicles, but it has not indicated how much money it spent doing so or provided any evidence of such costs.

4

However, Speedway has not yet recovered for losses incurred in connection with Burdine's loan. Pursuant to Burdine's loan agreement, her total payment amount is $38,528.15. (Dkt. #35-3 at 2). As such, Speedway is entitled to recover $38,528.15 in actual damages for its conversion claim against Hassan. Speedway also requests twice the amount of economic damages in exemplary damages, making Speedway's total potential recovery on its conversion claim $115,584.45.

For its tortious interference claim against Hassan, Speedway requests $112,643.80 in actual damages. That sum allegedly reflects the sum of Tyler Horn's, Hernandez's, and Burdine's loan payment amounts, but Speedway miscalculated that total. The actual sum of the three-loan payment amount is $101,649.80. The one-satisfaction rule is implicated in multiple ways. First, as is the case with the conversion claim, Speedway will recover Tyler Horn's and Hernandez's loan payment amounts through its fraud claims. As such, it is only entitled to $38,528.15. Speedway also requests twice the amount of economic damages in exemplary damages, making Speedway's total potential recovery on its tortious interference claim $115,584.45. Second, Speedway can only recover once for its loss of the Burdine loan payment amount—either through its conversion claim or through its tortious interference claim. Speedway addresses this overlap, stating that it "seeks judgment on the cause of action that provides recovery on the single theory of liability resulting in the greatest amount of damages." (Dkt. #36 ¶ 80). Because Speedway's tortious interference and conversion claims would result in the same recovery, it makes no difference which claim Speedway selects for recovery. Speedway indicated a

5

preference for recovering on its conversion claim at the hearing; therefore, the Court will enter judgment for Speedway on its conversion claim against Hassan, but only as to the conversion of Burdine's motor vehicle.

## B. Damages

Having determined the two claims on which Speedway can recover, the Court now turns to the calculation of actual and exemplary damages for each claim.

### i. Fraud

Speedway requests $41,027.15 in damages for Tyler Horn's fraud and $33,093.50 in damages for Hernandez's fraud. These figures are not supported by Speedway's evidence.

Speedway loaned Tyler Horn $25,000. (Dkt. #35-1 at 2); (Dkt. #36 ¶ 20). Tyler Horn did not make payments before defaulting, and Speedway was unable to recover the motor vehicle pledged as collateral for the loan. Speedway contends that "[a] final payment of $28,205.63 was due [November 3,] 2019, thus obligating Tyler Horn to pay $41,027.15 back to Speedway." (Dkt. #36 ¶ 12). According to Tyler Horn's loan agreement, the total amount, including "CAB fees"[2] and interest, that it would take to pay off the loan is $41,028.15. *See* (Dkt. #35-1 at 2). The Court finds that Speedway is entitled to $41,028.15 in actual damages on its fraud claim against Tyler Horn.

Speedway loaned Hernandez $12,000. (Dkt. #35-2 at 2); (Dkt. #36 ¶ 26). Hernandez did not make any payments before defaulting, and Speedway was unable

---

[2] "CAB" is defined in the loan agreement to mean "Speedway Loans, Inc." (Dkt. #35-1 at 1).

6

to recover the motor vehicle pledged as collateral for the loan. Speedway states that "[a] final payment of $14,012.25 was due [February 9,] 2020, thus obligating [Hernandez] to pay $33,093.50 back to Speedway." (Dkt. #36 ¶ 27). But this figure is not supported by the loan agreement. The loan agreement states, "[I]f you timely repay your Loan on its maturity date, [] the total of payments will be $22093.5[0]." (Dkt. #35-2 at 2). Therefore, the Court finds that Speedway is entitled to $22,093.50 in compensatory damages on its fraud claim against Hernandez.

Speedway seeks exemplary damages in connection with its fraud claim. A court may award exemplary damages where the plaintiff proves by clear and convincing evidence that the harm suffered resulted from fraud. TEX. CIV. PRAC. & REM. CODE § 41.003(a)(1). Since Tyler Horn and Hernandez, by defaulting, admitted all of Speedway's well-pleaded factual allegations, the Court finds that Speedway has proved fraud by clear and convincing evidence and thus is entitled to exemplary damages.

Speedway seeks exemplary damages in an amount equal to two times the amount of economic damages, which would be $82,056.30 as to Tyler Horn and $44,187.00 as to Hernandez. These amounts are below the statutory maximum, which is the greater of two times the amount of economic damages or $200,000. TEX. CIV. PRAC. & REM. CODE § 41.008(b). In determining the amount of exemplary damages, the Court considers evidence relating to the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, the extent to which the conduct

7

offends a public sense of justice and propriety, and the net worth of the defendant. *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 667–68 (Tex. 2008) (quoting TEX. CIV. PRAC. & REM. CODE § 41.011(a)). Again, by defaulting, Tyler Horn and Hernandez have admitted all well-pleaded factual allegations. Accordingly, the Court accepts as true the allegations that Tyler Horn and Hernandez participated in a coordinated scheme to defraud Speedway, took out loans with no intention of repaying them, and transferred the motor vehicles they pledged as collateral to Hassan to prevent Speedway from recovering the vehicles. Considering the statutory factors, the Court finds that Speedway is entitled to $126,243.30 in exemplary damages, broken down as follows: (1) $82,056.30 in exemplary damages for Speedway's claims against Tyler Horn; and (2) $44,187.00 in exemplary damages for Speedway's claims against Hernandez.

In sum, the Court will award Speedway $63,121.65 in actual damages and $126,243.30 in exemplary damages in connection with its fraud claims against Tyler Horn and Hernandez.

### ii. Conversion

For the reasons stated above, Speedway is entitled to $38,528.15 in actual damages for its conversion claim against Hassan. Speedway also seeks exemplary damages in connection with its conversion claim. As Speedway notes, exemplary damages are awarded when the defendant acted with malice. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). "To establish malicious conversion, the plaintiff must show more than bad faith and wrongful conduct; the plaintiff must show that the wrongful act was of a wanton and malicious nature." *Id.* (quotation omitted).

8

By defaulting, Hassan has admitted all well-pleaded factual allegations. Accordingly, the Court accepts as true the allegations that Hassan spearheaded a scheme pursuant to which he instructed straw borrowers on how to successfully obtain loans from Speedway. (Dkt. #2 ¶ 17). Hassan knew the borrowers would default on the loans and shielded himself from liability by having the straw borrowers take out the loans in their names. (Dkt. #2 ¶ 20). Hassan then took both the proceeds from the loans and the vehicles pledged as collateral. (Dkt. #2 ¶ 18). Finally, Hassan coordinated the export of those vehicles for sale in foreign countries so that, when the borrowers inevitably defaulted on their loans, Speedway could not repossess the vehicles. (Dkt. #2 ¶ 18). The timing of the exports further supports a finding that Hassan acted with malice, as he exported the vehicles before Speedway could perfect its security interest. (Dkt. #2 ¶ 21). This act ensured that United States Customs and Border Protection would not prevent the export based on a lienholder/ownership examination. (Dkt. #2 ¶ 21). The Court finds that these allegations adequately demonstrate that Hassan's acts were of a wanton and malicious nature.

As stated above, exemplary damages may not exceed an amount equal to the greater of: (1) two times the amount of economic damages; or (2) $200,000.00. Speedway asks for an amount equal to two times the amount of economic damages, which would be $77,056.30. Considering the nature of the wrong, the character of Hassan's conduct, the degree of Hassan's culpability as the leader of the scheme, the situation and sensibilities of the parties, and the extent to which Hassan's conduct

offends a public sense of justice and propriety,[3] the Court finds that an exemplary damages award of $77,056.30 is appropriate. *See Fairfield Ins. Co.*, 246 S.W.3d at 667–68; TEX. CIV. PRAC. & REM. CODE § 41.011.

In sum, the Court will award Speedway $38,528.15 in actual damages and $77,056.30 in exemplary damages in connection with its conversion claim against Hassan.

**C. Prejudgment Interest**

Prejudgment interest is available in fraud cases under Texas law. *Sounds & Things v. Sw. Bell Mobile Sys., Inc.*, 74 F.3d 1236, 1995 WL 783345, at *7 (5th Cir. Nov. 27, 1995). Prejudgment interest is also recoverable for conversion claims. *Imperial Sugar Co. v. Torrans*, 604 S.W.2d 73, 74 (Tex. 1980) (per curiam). With respect to both claims, prejudgment interest may not be assessed on an award of exemplary damages. TEX. CIV. PRAC. & REM. CODE § 41.007. Thus, the Court will only assess prejudgment interest on the economic damages awards.

Under Texas law, prejudgment interest accrues at the rate for postjudgment interest and is computed as simple interest. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998); TEX. FIN. CODE § 304.104. Pursuant to Section 304.003 of the Texas Finance Code, which governs postjudgment interest rates, the applicable interest rate is the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation, unless that

---

[3] Because Hassan defaulted, the Court has no information about his net worth.

rate is less than five percent or more than fifteen percent. TEX. FIN. CODE § 304.003(c). The prime rate currently is 7.00%; therefore, that is the rate the Court will use.

Next, the Court must determine the date on which Speedway began accruing prejudgment interest. Under Texas law, prejudgment interest begins to accrue on the earlier of 180 days after the date on which a defendant receives written notice of a claim or the date the suit is filed. *Johnson & Higgins*, 962 S.W.2d at 531; TEX. FIN. CODE § 304.104. Speedway has provided no evidence to suggest that Defendants received pre-suit notice of the claims against them. Therefore, the Court calculates prejudgment interest computed as simple interest from July 22, 2021, when the complaint was filed, to the day preceding the date of judgment. *See* TEX. FIN. CODE § 304.104.

Considering the foregoing, prejudgment interest on Speedway's award is: (1) $7.87 per day on Speedway's award of $41,028.15 for economic damages on its claim against Tyler Horn; (2) $4.24 per day on Speedway's award of $22,093.50 for economic damages against Hernandez; and (3) $7.39 per day on Speedway's award of $38,528.15 for economic damages on its claim against Hassan. 498 days passed from the filing of the complaint to the day preceding the date of the Final Judgment. Accordingly, Speedway is awarded $9,711.00 in prejudgment interest.

**D. Postjudgment Interest**

Federal law governs the postjudgment interest rate. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). The federal postjudgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average one-year constant maturity Treasury yield for the calendar week preceding

11

the date of judgment. For the week ending November 25, 2022, the federal rate is 4.76%. Therefore, the Court awards postjudgment interest on all amounts awarded to Speedway at a rate of 4.76% from the date of the entry of the Final Judgment.

**E. Costs**

Finally, Speedway seeks $1,613.76 in costs. (Dkt. #43-1). Speedway's bill of costs is broken down as follows: (1) $402 for fees of the clerk; (2) $1,073.95 for fees associated with service of process; (3) $20 in docket fees under 28 U.S.C. § 1923; and (4) $117.81 for other costs. (Dkt. #43-1).

The $402 filing fee and the $20 docket fee are both recoverable under 28 U.S.C. § 1920, and the Court will award those amounts. As to the service fees, Speedway seeks costs associated with serving Timothy Horn ($261.50) and Manal El-Ghorab ($90). *See* (Dkt. #43 at 2). The Court did not enter default judgment against these Defendants, and Speedway has provided no authority supporting the notion that the Court can require Tyler Horn, Hernandez, and Hassan to pay those costs. The Court will award only $722.45 in costs for serving Tyler Horn, Hernandez, and Hassan.

Finally, to support its request for $117.81 in other costs, Speedway attached a FedEx billing statement showing that Speedway's attorney sent a package to Marie DeRose, Speedway's Legal Manager, in Illinois, and FedEx charged $117.81. At the evidentiary hearing, Speedway clarified that this charge was for counsel sending a binder to Speedway with relevant case documents. Speedway provides no authority supporting its ability to recover this cost, and the Court is aware of none.

In sum, the Court awards $1,144.45 in court costs. Tyler Horn, Hernandez, and Hassan will be jointly and severally liable for these costs.

### III. CONCLUSION

For the foregoing reasons, Speedway's First-Amended Second Motion for Default Judgment, (Dkt. #36), and Supplement to First-Amended Second Motion for Default Judgment as to Attorney's Fees and Costs, (Dkt. #38), are **GRANTED in part and DENIED in part**. Speedway's Second Motion for Default Judgment, (Dkt. #34), is **DENIED as moot** in light of Speedway's filing of a corrected version of the same motion. The Court will enter its final judgment as to Tyler Horn, Hernandez, and Hassan by separate order.

**So ORDERED and SIGNED this 2nd day of December, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE